

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5106
Re: Compensation of members of
House of Representatives--
Constitutional oath of office--
and related matters.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Honorable Clarence Jones, Chief Clerk of the House of Representatives, has submitted to me questions in letter form, which I desire you to answer. I am attaching his letter hereto and will thank you to advise me the proper reply to make to Mr. Jones."

We quote from Mr. Jones' letter as follows:

"When the first voucher for the payroll was submitted for mileage and per diem due the members of the 48th Legislature, request for five members who were absent and in military service was not included.

"According to the recent ruling by the Supreme Court and a subsequent opinion by the Attorney General of Texas, the seven members in military service are to receive the salary and mileage due them. Of the total of twelve members, four have not yet reported for the first time. The question we should like clarified is this:

"Are the four members who have not attended eligible to receive salary from the first day of

the session, i.e., January 12, 1943, or should our request be dated as of the day they register present?

"The Honorable John E. Lyle reported February 11 and took the Oath of Office. The other members in military service, except four, were sworn in at the beginning of the session.

". . . ."

Sections 4, 5, 8 and 24 of Article III of our State Constitution, read as follows:

"Sec. 4. The members of the House of Representatives shall be chosen by the qualified electors, and their term of office shall be two years from the day of their election.

"Sec. 5. The Legislature shall meet every two years at such time as may be provided by law and at other times when convened by the Governor. When convened in regular Session, the first thirty days thereof shall be devoted to the introduction of bills and resolutions, acting upon emergency appropriations, passing upon the confirmation of the recess appointees of the Governor and such emergency matters as may be submitted by the Governor in special messages to the Legislature; provided that during the succeeding thirty days of the regular session of the Legislature the various committees of each House shall hold hearings to consider all bills and resolutions and other matters then pending; and such emergency matters as may be submitted by the Governor; provided further that during the following sixty days the Legislature shall act upon such bills and resolutions as may be then pending and upon such emergency matters as may be submitted by the Governor in special messages to the Legislature; provided however, either House may otherwise determine its order of business by an affirmative vote of four-fifths of its membership."

"Sec. 8. Each House shall be the judge of the qualifications and election of its own members; but contested elections shall be determined in such manner as shall be provided by law."

"Sec. 24. Members of the Legislature shall receive from the public Treasury a per diem of not exceeding $10.00 per day for the first 120 days of each session and after that not exceeding $5.00 per day for the remainder of the session.

"In addition to the per diem the members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed $2.50 for every 25 miles, the distance to be computed by the nearest and most direct route of travel, from a table of distance prepared by the Comptroller to each county seat now or hereafter to be established; no member to be entitled to mileage for any extra session that may be called within one day after the adjournment of a regular or called session."

Section 1 of Article XVI of our State Constitution provides:

"Section 1. Official Oath
"Members of the Legislature, and all officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:

"'I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State; and I furthermore solemnly swear (or affirm), that I have not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected. So help me God.'"

Articles 5422-3-4-5-6, Vernon's Annotated Texas Civil Statutes, read as follows:

"Article 5422, 5505, 3271 Time of meeting

"The Fortieth Legislature shall assemble to hold its biennial session on the second Tuesday

in January, A. D. 1927, at 12 o'clock m., and shall meet biennially thereafter on the same day and hour until otherwise provided by law. Const. art. 3, sec. 5.

"Art. 5423. 5506. 3272 Who may organize

"Those persons receiving certificates of election to the Senate and House of Representatives of the Legislature, and those Senators whose terms of office shall not have terminated, and none others, shall be competent to organize the Senate and House of Representatives. Acts 1876, p. 311; G. L. vol. 8, p. 1147.

"Art. 5424. 5507-8-16 Who shall preside

"For the purpose of such organization the Secretary of State shall preside at each recurring session of the Legislature. Should there be no Secretary of State, or in case he be absent or unable to attend, the Attorney General shall attend and perform the duties prescribed. He shall attend at the time and place designated for the meeting of the Legislature, and shall appoint a clerk who shall have been chief clerk of the House the preceding session, if he be present, to take a minute of the proceedings.

"Art. 5425. 5509-10-11 Duties of clerk

"The clerk, under the direction of the Secretary of State, shall:

"1. Call all the counties in alphabetical order. Should returns of election in any county for members of the Legislature not be made to the office of Secretary of State, he shall nevertheless call such county.

"2. When the counties are called and the members elect appear and present their credentials, administer to each the official oath.

"Art. 5426. 5512. 3278 Credentials

"Any person appearing at said call and presenting the proper evidence of his election shall

be admitted or qualified in the same manner as though
the return of his election had been made to the office
of Secretary of State.  P. D. 5438."

Construing Section 1 of Article XVI of the State
Constitution, prior to the present amendment, and in 1881,
the Supreme Court of Texas, in the case of State v. Cooke,
54 Tex. 462, held that under said section of the Constitution
it was evident that there was a distinction between the right
to an office and the right to enter upon the duties of an office,
inasmuch as said section of the Constitution required the taking
of the constitutional oath before the person entitled to the
office entered upon the duties of the office.

The case of Enloe v. State, 150 S. W. (2d) 1039, con-
struing Section 1 of Article XVI of our State Constitution as
it now exists, held all the acts of a special judge, who took
an oath not in conformity with the oath set out in said section
of the Constitution, were void, and cited many authorities.

It is clear that in order for one to become entitled
to receive the "per diem" above referred to, the claimant must
do something more than merely become entitled to the office of
representative in the Texas Legislature.  He must go further
and in fact become a member of the Texas House of Representa-
tives.  This he can only do by taking the constitutional oath
of office.  Articles 5425 and 5426, providing a method for ad-
ministering the constitutional oath to members of the House,
we think are not exclusive but merely directory statutes, and
that inasmuch as the House under Section 8 of Article III of
our State Constitution is "the judge of the qualifications and
elections of its members", the House could accept the qualifica-
tion and oath taking of a member at any time during the session
and in any manner acceptable to the House of Representatives.

In the case of Spears v. Sheppard, 150 S. W. (2d) 769,
Texas' Supreme Court construed Section 24 of Article III of our
State Constitution, and held, among other things, that the right
of a member of the Legislature to receive the per diem stipulated
in the section was not dependent upon actual attendance on the
sessions of the Legislature, and all that is required is that the
Legislature be in session and that the claimant be a member there-
of.

We interpret this decision to mean that all that is required in order to entitle a claimant to his "per diem" as a member of the Legislature is that the Legislature be in session and that the claimant be a member for the period of time for which he claims the said "per diem".

Opinion No. O-5039 of this department, addressed to you, written by Attorney General Mann, holds specifically that members of the Legislature who are commissioned officers or enlisted men in the Army, Navy and Marine Corps, are entitled to their salary warrants from the State.

It being unlawful for any money to be paid out of the State Treasury except by authority of an act of the Legislature appropriating the same, and Article III, Section 51, of the Constitution of Texas having provided:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals . . . . . whatsoever. . . . ."

It obviously follows that a citizen cannot be paid any "per diem" as a member of the Legislature for any day or days prior to the time he became a member thereof.

In answer to your questions you are therefore advised as follows:

Representative Lyle, who took the constitutional oath of office on February 11, 1943, is entitled to be paid his "per diem" for February 11, 1943, and in addition thereto all "per diem" which may accrue for all days the Legislature is in session during his tenure of said office since February 11, 1943.

If the four who are entitled to the office but who have not yet become members of the Legislature proceed to become members by taking the constitutional oath of office, then during the present session such members will be entitled to the full "per diem" for all days the Legislature of which they have become members is in session on and after the day on which they take the required constitutional oath of office.

The members who took the constitutional oath of office at the beginning of the session but who have since not attended the session are entitled to be paid their "per diem" for all the time the Legislature of which they are members is in session.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

George P. Blackburn
Assistant

APPROVED MAR 9, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

GPB:AMM